# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Commonwealth of Pennsylvania,                    :
by and through The Philadelphia                      :
District Attorney, Larry Krasner,                    :
                                                     :
                    Plaintiff                        :
                                                     :
          v.                                         : No. 233 M.D. 2021
                                                     :
The Attorney General of the                          :
Commonwealth of Pennsylvania,                        :
                                                     :
                    Defendant                        :

The Commonwealth of Pennsylvania,                    :
by and through the Allegheny County                  :
District Attorney, Stephen A. Zappala, Jr.,          :
                                                     :
                    Plaintiff                        :
                                                     :
          v.                                         : No. 250 M.D. 2021
                                                     :
The Attorney General of the                          :
Commonwealth of Pennsylvania,                        :
McKesson Corp., Cardinal Health,                     :
Inc. and AmerisourceBergen Drug Corp.,               :
                                                     :
                    Defendants                       :

The Commonwealth of Pennsylvania,                    :
by and through The Philadelphia                      :
District Attorney, Larry Krasner,                    :
                                                     :
                    Plaintiff                        :
                                                     :
          v.                                         : No. 260 M.D. 2021
                                                     :
The Attorney General of the                          :
Commonwealth of Pennsylvania,                        :
                                                     :
                    Defendant                        :

The Commonwealth of Pennsylvania,   :
by and through the Allegheny   :
County District Attorney,   :
Stephen A. Zappala, Jr.   :
  :
                Plaintiff   :
  :
        v.   : No. 261 M.D. 2021
  : Argued: December 13, 2021
The Attorney General of the   :
Commonwealth of Pennsylvania,   :
Johnson & Johnson, Janssen   :
Pharmaceuticals, Inc., Ortho-McNeil-   :
Janssen Pharmaceuticals, Inc., and   :
Janssen Pharmaceutica, Inc.,   :
  :
           Defendants   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
            HONORABLE MICHAEL H. WOJCIK, Judge (P.)
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                   FILED: February 4, 2022

Before the Court in these consolidated matters are the preliminary

objections (POs)[2] of the Attorney General of the Commonwealth of Pennsylvania

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] "In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts." *Pennsylvania Independent Oil and Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017) (citation omitted). "However, we 'are not required **(Footnote continued on next page…)**

(AG), McKesson Corp., Cardinal Health, Inc., AmerisourceBergen Drug Corp. (collectively, Distributors), Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. (collectively, Manufacturer) to the Complaints for Declaratory Relief (PFRs)[3] filed by the Commonwealth of Pennsylvania, by and through the Philadelphia District Attorney, Larry Krasner (DA Krasner), and the Allegheny County District Attorney, Stephen A. Zappala, Jr. (DA Zappala) (collectively, DAs), pursuant to the Declaratory Judgments Act (DJA).[4]  We sustain the AG's, Distributors', and Manufacturer's POs, and dismiss the PFRs.

The following facts may be summarized from the PFRs and the exhibits appended thereto.  On June 15, 2017, the AG[5] announced that his office was

---

to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion.'" *Id.*  "To sustain preliminary objections, 'it must appear with certainty that the law will permit no recovery' and '[a]ny doubt must be resolved in favor of the non-moving party.'" *Id.*

[3] Although styled as Complaints, the appropriate pleading that is used to commence an action in our original jurisdiction against the Commonwealth and its officers under Chapter 15 of the Pennsylvania Rules of Appellate procedure are petitions for review.  *See, e.g.*, *MFW Wine Co., LLC v. Pennsylvania Liquor Control Board*, 231 A.3d 50, 52 n.1 (Pa. Cmwlth. 2020) (Brobson, J., single-judge opinion) ("Consistent with the applicable rules of appellate procedure, the Court treats the Amended Complaint as a petition for review directed to this Court's original jurisdiction. *See* Pa. R.A.P. 1501(a)(3), 1502, 1503.").  Consistent with the foregoing, we refer to the filings as PFRs.

[4] 42 Pa. C.S. §§7531-7541.

[5] Article IV, section 4.1 of the Pennsylvania Constitution provides that the AG "shall be the chief law officer of the Commonwealth and shall exercise such powers and perform such duties as may be imposed by law."  Pa. Const. art. IV, §4.1.  In relevant part, Section 204(a)(1) and (2), (c), and (d) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §732-204(a)(1) and (2), (c) and (d) states:

(a) **Legal advice.--**
**(Footnote continued on next page…)**

3

participating in a nationwide investigation into the marketing and sale of prescription opioids underlying the nationwide opioid epidemic.

Along with a number of other DAs[6] from across the Commonwealth, in 2018, DA Krasner filed two, one-count complaints in coordinated proceedings against Distributors and Manufacturer in the Delaware County Court of Common Pleas (trial court). In 2021, DA Zappala filed two similar one-count actions that were transferred to the trial court. These actions were based on the DAs' authority

(1) Upon the request of the Governor or the head of any Commonwealth agency, the [AG] shall furnish legal advice concerning any matter or issue arising in connection with the exercise of the official powers or the performance of the official duties of the Governor or agency. . . .
(2) If the Governor or the head of any Commonwealth agency disagrees with the legal advice rendered by the [AG], the Governor or the head of the Commonwealth agency may seek a declaratory judgment in the Commonwealth Court pursuant to [the DJA]. . . .

\* \* \*

**(c) Civil litigation; collection of debts.--**The [AG] shall represent the Commonwealth and all Commonwealth agencies . . . in any action brought by or against the Commonwealth or its agencies, and may intervene in any other action . . . .

**(d) Administration of consumer affairs programs.--**The [AG] shall administer the provisions relating to consumer protection set forth in [S]ections 917 through 922 of the [Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of December 17, 1968, P.L. 1221, 71 P.S. §§ 307-1–307-6], and appoint the advisory committee established under section 922.

[6] Article IX, section 4 of the Pennsylvania Constitution states that "[c]ounty officers shall consist of . . . district attorneys . . . ." Pa. Const. art. IX, §4.

4

under Section 4 of the Unfair Trade Practices and Consumer Protection Law (Law),[7] to address the causes of the opioid epidemic flowing from Distributors' and Manufacturer's unfair methods of competition and unfair or deceptive acts or practices in the production, marketing, sale, and distribution of opioids in violation of the Law.

In July 2021, the AG and three other state attorneys general announced their support for a proposed Settlement Agreement with Distributors and Manufacturer under which these companies would agree to pay the states and their "Subdivisions" that joined the settlement[8] more than $21 billion over an 18-year period from Distributors, and $5 billion over a 9-year period from Manufacturer. *See* PFRs Exhibit B ¶IV(A). With respect to the enforcement of the executed Settlement Agreement, ¶XI(A) states:

> A. *Scope.* As of the Effective Date, the Released Entities are hereby released and forever discharged from all of the Releasors'[9] Released Claims. Each Settling State (for

---

[7] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §201-4. Section 4 states:

> Whenever the [AG] or a [DA] has reason to believe that any person is using or is about to use any method, act or practice declared by [S]ection 3 of this [Law] to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the Commonwealth against such person to restrain by temporary or permanent injunction the use of such method, act or practice.

[8] Both Allegheny County and the City of Philadelphia are "Litigating Subdivisions" and "Primary Subdivisions" that may be parties to the settlement if it is approved by them. *See* PFRs Exhibit B ¶VII, and at C-36, C-37, I-36, I-37.

[9] Settlement Agreement ¶I(III) defines "Releasors" as follows:

> With respect to Released Claims, (1) each Settling State; (2) each Participating Subdivision; and (3) without limitation and to the

**(Footnote continued on next page…)**

itself and its Releasors) and Participating Subdivision hereby absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. The releases provided for in this Agreement are intended by the Parties to be broad and shall be interpreted so as to give the Released Entities *the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of each Settling State and its Attorney General to release claims.* This Agreement shall be a complete bar to any Released Claim.

---

maximum extent of the power of each Settling State's Attorney General and/or Participating Subdivision to release Claims, (a) *the Settling State's and Participating Subdivision's departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys*, including its Attorney General, and any person in his or her official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, and other Special Districts in a Settling State, and (c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to a Settling State or Subdivision in a Settling State, *whether or not any of them participate in this Agreement*. The inclusion of a specific reference to a type of entity in this definition shall not be construed as meaning that the entity is not a Subdivision. Each Settling State's Attorney General represents that he or she has or has obtained (or will obtain no later than the Initial Participation Date) the authority set forth in Section XI.F. In addition to being a Releasor as provided herein, a Participating Subdivision shall also provide the Subdivision Settlement Participation Form referenced in Section VII providing for a release to the fullest extent of the Participating Subdivision's authority.

PFRs Exhibit B ¶I(III) (emphasis added).

6

PFRs Exhibit B ¶XI(A) (emphasis added).  The AG has approved the Settlement Agreement and it has moved on to the Subdivisions, *i.e.*, the City of Philadelphia[10] and Allegheny County,[11] for their approval on January 2, 2022.  *See* PFRs Exhibit B

---

[10] Pursuant to article IX, section 13 of the Pennsylvania Constitution, the Philadelphia County offices have generally been abolished, with some exceptions such as the DA, and the City performs all of the former functions of county government.  Pa. Const. art. IX, §13.  Under Section 3-101 of The Philadelphia Code, the City Solicitor is the head of the City's Law Department.  In turn, Section 4-400(a), (b) and (c) of The Philadelphia Code states, in pertinent part:

> The Law Department shall have the power and its duty shall be to perform the following functions:
>
> (a)  Legal Advice.  It shall furnish legal advice to the mayor, to the Council and to all officers, departments, boards and commissions concerning any matter or thing arising in connection with the exercise of their official powers or performance of their official duties and except as otherwise expressly provided, shall supervise, direct and control all of the law work of the City.
>
> (b)  Litigation.  The Department . . . shall represent the City and every officer, department, board or commission in all litigation. . . .
>
> (c)  Contracts and Bonds.  The Department shall prepare or approve all contracts, bonds and other instruments in writing in which the City is concerned . . . .

Philadelphia Code §4-400(a), (b), (c).

[11] Under Article V, Section 3 of the Allegheny County Home Rule Charter, the County Solicitor "shall be the chief legal officer of the County and serve as the director of the Law Department."  Additionally, Allegheny County Administrative Code Section 5-405.03(C), (D), (E), and (G) states:

> The County Solicitor shall be the Director of the Law Department and shall perform the following duties and responsibilities:
>
> * * *

**(Footnote continued on next page…)**

7

¶¶II, VIII.  Because the Settlement Agreement purports to extinguish their actions in the trial court under the Law, by effectively resolving all claims against Distributors and Manufacturer, the DAs filed the instant PFRs seeking a judgment:  (1) declaring that the AG lacks the authority to release the DAs' claims filed under the Law; (2) enjoining the AG's release of the DAs' claims filed under the Law against Distributors and Manufacturer; and (3) providing any other relief that this Court deems just and proper.

However, as alleged in the AG's, Distributors', and Manufacturer's third and fifth POs, the Settlement Agreement has not yet been executed by the parties to become effective, or interposed into the trial court proceedings to extinguish the DAs' claims in those matters.  As this Court has explained:

> C.     Commence and prosecute all suits brought or to be brought by the County wherein or whereby any rights, privileges, properties, claims or demands of the County are involved, as well as to defend all actions, suits, grievances, claims or potential claims brought or alleged against the County;
>
> D.     With the authority of the Chief Executive, compromise and settle actions, suits, claims or potential claims brought by or against the County, with notification to Council, prior to or contemporaneous with execution of the agreement;
>
> E.     Prepare, or cause to be prepared, as directed by the Manager, and/or approve as to form all contracts, agreements, leases, surety bonds or other legal documents on behalf of the County; [and]
>
> * * *
>
> G.     Perform all duties now performed by County Solicitors under the laws of the Commonwealth and to do, perform every and all professional acts, and render legal advice incident to the office of County Solicitor, which may be required under the Charter.

The Administrative Code of Allegheny County §5-405.03(C), (D), (E), and (G).

8

It is well established that "[d]eclaratory judgments are not obtainable as a matter of right. Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion." A substantial limitation on the exercise of such jurisdiction is the principle that we will not adjudicate a petition for declaratory judgment where the issues are not ripe for determination. In deciding whether the doctrine of ripeness bars our consideration of a declaratory judgment action, both the state and federal courts employ a two-part test: "[t]he court must consider whether the issues are adequately developed for judicial review and what hardship the parties will suffer if review is delayed."

The first prong of the test, whether the issues are adequately developed for judicial review, itself contains two parts. The first is whether the asserted deprivation of rights (or entitlement to relief) is immediate or is hypothetical and contingent upon uncertain future events. Our Supreme Court has stated the following:

> Only where there is a real controversy may a party obtain a declaratory judgment.
>
> A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

"A substantial contingency is the classic impediment to a pre-enforcement challenge [to a new statute]." The second part of the first prong is whether resolution of the constitutional or other legal dispute will involve substantial fact-finding. Obviously, the more fact intensive the dispute, the more significant the obstacle posed by the uncertainty of future events. The United States Supreme Court has explained as follows:

> the reason [for] postponing [a] decision until a constitutional issue is more clearly focused by, and receives the impact from, occurrence in particular circumstances is precisely that those circumstances

9

may reveal relevancies that abstract, prospective supposition may not see or adequately assess.

The second prong of the ripeness test recognizes that, even where the case is not as fully developed for judicial review as the court would find appropriate, it may still address the merits if refusal to do so would work a demonstrable hardship on the parties. This could occur, for instance, if a new statute provided criminal sanctions for conduct that was believed to involve constitutionally protected speech. In that case, a pre-enforcement challenge might be heard so that the plaintiffs would not risk incarceration as the price of testing the law.

The ripeness test was succinctly summarized . . . as follows:

> A court should look to (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." Under the "fitness for review" inquiry, a court considers whether the issues presented are purely legal, as opposed to factual, and the degree to which the challenged action is final. The various factors that enter into a court's assessment of fitness include: whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is bound up in the facts; and whether the parties to the action are sufficiently adverse.

> The second prong focuses on the hardship that may be entailed in denying judicial review, and the determination whether any such hardship is cognizable turns on whether the challenged action creates a "direct and immediate" dilemma for the parties, such that the lack of pre-enforcement review will put the plaintiffs to costly choices.

Applying this test, we must conclude that the [petitioner's] claims are not ripe for consideration.

10

*City Council of Philadelphia v. Commonwealth*, 806 A.2d 975, 978-80 (Pa. Cmwlth. 2002), *vacated and remanded on ripeness grounds*, 847 A.2d 55 (Pa. 2004) (citations omitted).[12]

Likewise, at this juncture in this matter, it is impossible for this Court to declare the respective rights of the parties regarding a Settlement Agreement that has yet to be executed and that may still be modified, as it has been before. It is also impossible for this Court to enjoin the AG from releasing the DAs' claims under a Release that has yet to be executed, or introduced into the trial court proceedings, that may potentially provide the basis upon which the trial court may dismiss the DAs' claims. In short, under the first prong of the foregoing test, the DAs' claims "involve[] uncertain and contingent events that may not occur as anticipated or at all," and any relief that this Court may grant "is bound up in the facts" as they relate to the terms of the Settlement Agreement and Release that have yet to be finalized or executed. *City Council of Philadelphia*, 806 A.2d at 980. Additionally, with respect to the second prong of the foregoing test, the DAs' claims do not "create[] a 'direct and immediate' dilemma for the parties, such that the lack of pre-enforcement review will put the[m] to costly choices" at the current stage of the proceedings. *Id.* As a result, unless and until any finalized Settlement Agreement and/or Release are executed and affect the DAs' rights in a substantial and concrete manner, any opinion that this Court would issue at this stage of the proceedings would be an impermissible advisory opinion. *Id.*

---

[12] The case was vacated and remanded "in light of the stipulation at argument by the parties that power over the Philadelphia Gas Works has been transferred to the Pennsylvania Utility Commission," thereby making the matter ripe for review by this Court. *City Council of Philadelphia*, 847 A.2d at 56.

11

Accordingly, we sustain the AG's, the Distributors' and the Manufacturer's POs, and dismiss the PFRs.[13]

_____

MICHAEL H. WOJCIK, Judge

Judge Covey did not participate in the decision of this case.
Judge Fizzano Cannon did not participate in the decision of this case.

---

[13] Based on the foregoing disposition of the POs, we will not address any remaining POs. Additionally, the AG's December 13, 2021 Application for Relief in the Nature of a Motion for Leave to Correct Factual Record, the DAs' December 22, 2021 Application for Relief to reply thereto, and the DAs' December 14, 2021 Emergency Application for Relief in the Nature of a Notice of Supplemental Authority, are dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Commonwealth of Pennsylvania,          :
by and through The Philadelphia            :
District Attorney, Larry Krasner,          :
                                           :
                    Plaintiff              :
                                           :
          v.                               : No. 233 M.D. 2021
                                           :
The Attorney General of the                :
Commonwealth of Pennsylvania,              :
                                           :
                    Defendant              :

The Commonwealth of Pennsylvania,          :
by and through the Allegheny               :
County District Attorney, Stephen A.       :
Zappala, Jr.,                              :
                                           :
                    Plaintiff              :
                                           :
          v.                               : No. 250 M.D. 2021
                                           :
The Attorney General of the                :
Commonwealth of Pennsylvania,              :
McKesson Corp., Cardinal Health,           :
Inc. and AmerisourceBergen Drug Corp.,     :
                                           :
                    Defendants             :

The Commonwealth of Pennsylvania,          :
by and through The Philadelphia            :
District Attorney, Larry Krasner,          :
                                           :
                    Plaintiff              :
                                           :
          v.                               : No. 260 M.D. 2021
                                           :
The Attorney General of the                :
Commonwealth of Pennsylvania,              :
                                           :
                    Defendant              :

The Commonwealth of Pennsylvania,    :
by and through the Allegheny    :
County District Attorney,    :
Stephen A. Zappala, Jr.    :
    :
         Plaintiff    :
    :
        v.    :   No. 261 M.D. 2021
    :
The Attorney General of the    :
Commonwealth of Pennsylvania,    :
Johnson & Johnson, Janssen    :
Pharmaceuticals, Inc., Ortho-McNeil-    :
Janssen Pharmaceuticals, Inc., and    :
Janssen Pharmaceutica, Inc.,    :
    :
         Defendants    :

# **O R D E R**

AND NOW, this 4ᵗʰ day of February, 2022, the Defendants' preliminary objection is sustained, and the Plaintiffs' Complaints for Declaratory Relief are DISMISSED. The Attorney General of the Commonwealth of Pennsylvania's Application for Relief in the Nature of a Motion for Leave to Correct Factual Record, Plaintiffs' Application for Relief to reply thereto, and The Philadelphia District Attorney, Larry Krasner's and The Allegheny County District Attorney, Stephen A. Zappala, Jr.'s Emergency Application for Relief in the Nature of a Notice of Supplemental Authority, are DISMISSED as moot.

 

                             _____

                             MICHAEL H. WOJCIK, Judge